UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY BILLS,

    Plaintiff,

Case No. 15-cv-11414
Hon. Matthew F. Leitman

v.

DANIEL HEYNS, *et al*,

    Defendants.

_____/

**ORDER (1) DENYING MOTIONS FOR APPOINTMENT OF COUNSEL (ECF # 3, 7) WITHOUT PREJUDICE; (2) GRANTING MOTION TO AMEND COMPLAINT (ECF #8), (3) DENYING MOTION TO COMPEL DISCOVERY (ECF #9) WITHOUT PREJUDICE; AND (4) GRANTING MOTION REQUESTING JURY TRIAL (ECF #10.)**

**INTRODUCTION AND PROCEDURAL HISTORY**

Plaintiff Rickey Bills ("Bills") is a Michigan state prisoner incarcerated at the Muskegon Correctional Facility in Muskegon, Michigan. On April 20, 2015, Bills filed a civil-rights action in this Court under 42 U.S.C. § 1983 (the "Complaint"). (*See* ECF #1.) At that time, Bills also filed a motion for the appointment of counsel. (*See* ECF #3.) On October 16, 2015, the Court ordered Bills to show cause in writing why it should not dismiss the Complaint for failure to state a cognizable claim against either of the two named Defendants in that pleading (the "Show Cause Order"). (*See* ECF #6.)

1

Bills responded to the Show Cause Order on November 11, 2015, by filing four separate motions with the Court. Bills filed:

(1) A second motion for the appointment of counsel (ECF #7);

(2) A motion to amend his Complaint in which Bills included specific factual allegations against the two Defendants named in his initial Complaint and specific allegations against a number of new individuals he now wishes to name as Defendants in this action (ECF #8);

(3) A motion to compel discovery (ECF #9); and

(4) A motion requesting that his claims be tried by a jury (ECF #10).

The Court vacated the Show Cause Order on November 23, 2015, (*see* Dkt.) and it now addresses each of Bills's pending motions.

## ANALYSIS

**1.  Bills's Motions to Appoint Counsel (ECF ## 3, 7)**

In two separate motions, Bills requests that the Court appoint him counsel in this action. (*See* ECF ## 3, 7.) The "[a]ppointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane,* 992 F.2d 601, 605–06 (6th Cir. 1993). While it may at some point be appropriate to appoint Bills counsel, the Court does not believe that Bills is entitled to the appointment of counsel at this time. The Court will therefore deny Bills's motions to appoint counsel without prejudice.

2. **Bills's Motion to Amend His Complaint (ECF #8).**

As described above, Bills has filed a motion to amend his complaint which includes (1) specific factual allegations against the two individuals named as Defendants in his initial complaint and (2) specific factual allegations against a number of individuals not named in the first Complaint but whom Bills now seeks to bring claims against. (*See* ECF #8.)

The Court has reviewed Bills's motion and believes that Bills should be entitled to amend his Complaint to include the factual allegations he included in his motion to amend. Accordingly, the Court will grant Bills forty-five (45) days from the date of this Order to file a First Amended Complaint. Bills is directed to include in his First Amended Complaint detailed and specific factual allegations against each individual he wishes to name as Defendant in this action.

3. **Bills's Motion to Compel Discovery (ECF #9)**

In Bills's motion to compel discovery, Bills claims that he wishes to name additional individuals as Defendants in this action but that he "cannot proceed without the actual names and addresses" of individuals who may have withdrawn funds from his prison account. (*See* ECF #9 at 1-2, Pg. ID 95-96.) Bills seeks to compel this information from the Defendants.

The Court has reviewed this motion and finds it premature. Bills has not yet formally filed a First Amended Complaint, nor has any pleading been served on any Defendant. Following the entry of a scheduling order in this action, Bills may serve discovery on any Defendant pursuant to the applicable Federal Rules of Civil Procedure. If Defendants refuse to respond to such discovery, the Court may entertain a motion to compel at that time. Accordingly, the Court will deny Bills's motion to compel discovery as premature.

**4.     Bills's Motion Requesting a Jury Trial**

Finally, Bills has filed a motion requesting a jury trial. (*See* ECF #10.) Federal Rule of Civil Procedure 38 allows a party to demand a jury trial by "serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served." Fed. Rule Civ. Proc. 38(b)(1). Here, the Complaint was never served on Defendants, and the Court is granting Bills leave to file, and subsequently serve, a First Amended Complaint. Accordingly, the Court will grant Bills's motion requesting a jury trial. Bills is directed to include a formal written jury demand when he files his First Amended Complaint in this action.

## CONCLUSION

For the reasons stated above, **IT IS HEREBY ORDERED** that:

(1) Bills's motions to appoint counsel (ECF ## 3, 7) are **DENIED WITHOUT PREJUDICE**;

(2) Bills's motion to amend his Complaint (ECF # 8) is **GRANTED**. Bills shall file his First Amended Complaint by no later than 45 days from the date of this Order.

(3) Bills's motion to compel discovery (ECF #9) is **DENIED**; and

(4) Bills's motion requesting a jury trial (ECF #10) is **GRANTED.**

**IT IS SO ORDERED**.

Dated: January 13, 2016

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 13, 2016, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

5