UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY BILLS,

          Plaintiff,         Civil Action No. 15-11414
                                    Honorable Matthew F. Leitman
v.                                        Magistrate Judge David R. Grand

PAUL KLEE, et al.,

          Defendants.
_____/

**REPORT AND RECOMMENDATION
TO DENY PLAINTIFF'S MOTION FOR INJUNCTION
AND TEMPORARY RESTRAINING ORDER [82]**

**I.    REPORT**

    **a.  Factual Background**

*Pro se* plaintiff Rickey Bills ("Bills"), a prisoner at Lakeland Correctional Facility ("LCF") in Coldwater, Michigan, filed a complaint under 42 U.S.C. § 1983 related to conditions of confinement at Adrian Correctional Facility ("ARF") and Macomb Correctional Facility ("MCF"). (Docs. #79, #83). Bills filed his complaint against the following Michigan Department of Corrections ("MDOC") employees: Paul Klee, Warden of ARF; Lee McRoberts, Deputy Warden of ARF; Virgil Webb, Administrative Assistant at ARF; James Eaton, Grievance Coordinator at ARF; Renee Diver, Business Office Manager at ARF; Vaughn Stewart, employee of the accounting office at ARF; and Krisopher Steece, Deputy Warden of MCF. On July 8, 2019, this Court issued a Report and Recommendation to grant in part and deny in part the Defendants' motion for summary judgment. (Doc. #79). In short, the Court recommended that Bills be permitted to proceed with his denial of access to the courts claims against Defendants Diver and Stewart and his retaliatory transfer claim against Defendant Steece (in their individual capacities), but that all of his other claims be dismissed. (*Id.*). None of the Defendants objected

to the Report and Recommendation. Bills was given until September 9, 2019, to file any objections, but to date he has not filed any. (Doc. #81).

On August 22, 2019, Bills filed a motion for injunction and temporary restraining order to enjoin the following LCF staff (none of whom are Defendants in this action[1]) from transferring him to another correctional facility: Noah Nagy, Warden; Bryan Morrison, Deputy; Russell Rukka, Administrative Assistant; Robert Autl, Assistant Warden, and S. Cline, Resident Unit Manager (collectively, the "LCF staff"). (Doc. #82). Bills claims that such a transfer will adversely affect his heart condition. (*Id*.). On September 3, 2019, the Defendants in this action filed a response. (Doc. #83). Bills has given no indication that he served a copy of his instant motion on the LCF staff, and they have not appeared in this action or filed a response to his motion.

### b. Legal Standards

"Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to preserve the relative positions of the parties until further proceedings on the merits can be held." *Koetje v. Norton*, 2013 WL 8475802, at *2 (E.D. Mich. Oct. 23, 2013). Whether to grant such relief is a matter within the discretion of the district court. *See Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). The same factors are considered in determining whether to grant a request for a temporary restraining order ("TRO") or a preliminary injunction. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Those factors are: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm without the injunction; (3) whether issuance of the injunction will cause substantial harm to others; and

---

[1] Despite this, in the caption of Bills's instant motion, he identifies these individuals as party defendants in this action. (Doc. #82 at 1).

(4) whether the public interest is served by issuance of the injunction. *Id.* (citing *Ne. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006)). Moreover, a TRO is an extraordinary remedy, "which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

In addition, Fed. R. Civ. P. 65(b)(1) states that a TRO may be issued without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies to the court in writing any efforts made to give notice and the reasons why it should not be required.

Furthermore, an *ex parte* TRO is only appropriate where the applicant "would face irreparable harm so immediate that it would be improper to wait until after a preliminary injunction hearing to enjoin the non-movant's conduct." *Erard v. Johnson*, 905 F.Supp.2d 782, 791 (E.D. Mich. 2012). As the United States Supreme Court has explained, the extremely limited availability of *ex parte* TROs "reflect[s] the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439 (1974).

Finally, the Court notes that where, as here, an inmate seeks an order enjoining state prison officials, it must proceed with the utmost care and be cognizant of the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438 n.3 (6th Cir. 1984); *see also McKune v. Lile*, 536 U.S. 24, 37 (2002) ("'Running a prison is an inordinately difficult undertaking that requires expertise, planning, and the commitment of resources, all of which are

3

peculiarly within the province of the legislative and executive branches of government.' To respect these imperatives, courts must exercise restraint in supervising the minutiae of prison life." (quoting *Turner v. Safley*, 482 U.S. 78, 84-85 (1987) (internal citations omitted)). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995).

### c. Analysis

Applying the above factors to this motion, Bills is not entitled to a temporary restraining order. First, Bills has not shown a reasonable likelihood of success on the merits of his underlying request. As the government points out, none of the individuals Bills seeks to enjoin are parties to the instant lawsuit, and it does not appear that he has provided them with notice of his motion which asks the Court to enter an order restraining their conduct. (Docs. # 1, #79, #83). However, "the Court will not enjoin non-parties, and will not issue injunctive relief that is entirely unrelated to the Plaintiff's underlying claims." *Huber v. Nolan*, No. 1:19-CV-224, 2019 WL 2314630, at *3 (S.D. Ohio May 31, 2019) (refusing to enjoying prison officials who were not parties to the litigation) (citing *Sidiq v. Champion*, 2006 WL 1275403 at *2 (W.D. Mich., May 8, 2006) (citing *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945)).

Second, although Bills asserts that a transfer will adversely affect his heart condition, his own filings show the speculative nature of his concerns. In his motion, Bills states that LCF health services previously blocked a scheduled transfer due to his rising blood pressure, stating that they found it was "too dangerous" to allow him to travel with his blood pressure being as high as it was at the time. (Doc. #82). In other words, Bills admits that those charged with his care at LCF monitored his medical condition and appropriately took it into account in terms of

his placement.  Bills's claims of an unsafe transfer are also speculative in another sense.  It appears from a recent filing by Bills that subsequent to filing his instant motion, he was transferred to the Chippewa Correctional Facility, and "will [again] be transferring [back to Southeast Michigan] this week." (Doc. #84).  Yet, Bills does not allege that the transfers have or will cause him to suffer any specific irreparable harm. (*Id.*).  Moreover, while the Court takes seriously Bills's allegations regarding his heart condition, his mere assertion that he may be injured if he is transferred in the future is insufficient to obtain the extreme form of injunctive relief that he seeks.  See *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).  Rather, to obtain an injunction, "the harm alleged must be both certain and immediate, rather than speculative or theoretical." *Id.*  See also *Cooper v. Bower*, 2017 WL 3389521, at *4 (W.D. Ky. Aug. 4, 2017).  Clearly, Bills has not shown that absent the requested injunction the risk of harm is certain and immediate.

The remaining factors also weigh in favor of denying Bills's request for injunctive relief.  Issuing a preliminary injunction or temporary restraining order prohibiting Bills's transfer to a different prison would result in harm to both the MDOC and the public, because providing appropriate supervision of Michigan's large inmate population necessarily requires the ability to transfer prisoners between facilities when the need arises, as determined by appropriate MDOC personnel.  As the Sixth Circuit has recognized, "problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts." *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997).  Moreover, "[w]hen an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are 'especially critical' since such an order would necessarily intrude 'significantly into the prerogatives of state correctional officials.'" *See*

5

*Huber v. Nolan*, No. 1:19-CV-224, 2019 WL 2314630, at *3 (citing *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984)). Here, Bills has failed to provide the Court with sufficient evidence from which it could find that the requested injunction is warranted, and that request, by its very nature, intrudes on the MDOC's ability to make decisions regarding the care and custody of its prisoners. Such an order would affect not only Bills's safety, but the safety of MDOC staff and other prisoners.

Taking all the foregoing considerations into account, Bills simply has not shown entitlement to a temporary restraining order. Accordingly, his instant motion should be denied.

### IV.   RECOMMENDATION

For the reasons discussed above, **IT IS RECOMMENDED** that Bills's Motion for Injunction and/or Temporary Restraining Order **(Doc. #82)** be **DENIED**.

Dated: September 16, 2019         s/David R. Grand
Ann Arbor, Michigan               DAVID R. GRAND
                                  United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation and Order, any party may serve and file specific written objections to the proposed findings and recommendations and the order set forth above. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829

6

F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 16, 2019.

    s/Eddrey O. Butts
    EDDREY O. BUTTS
    Case Manager