UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY BILLS,

    Plaintiff,

v.

PAUL KLEE, *et al.*,

    Defendants.

Case No. 15-cv-11414
Hon. Matthew F. Leitman

_____/

**ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 87) TO REPORT AND RECOMMENDATION (ECF No. 85), (2) ADOPTING RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION, AND (3) DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF No. 82)**

On August 22, 2019, Plaintiff Rickey Bills filed a motion for a temporary restraining order and preliminary injunction in this prisoner civil-rights action. (*See* Mot., ECF No. 82.) Bills seeks to prevent prison officials at the Lakeland Correctional Facility (the "LCF") from transferring him from that facility to another Michigan Department of Corrections facility "up north." (*Id.*) However, Bills is not currently incarcerated at the LCF, and thus he is not subject to being moved by the LCF staff. Moreover, the prison officials named in Bills' motion are not parties to this case, and their alleged actions have nothing to do with his claims in this action.

The assigned Magistrate Judge issued a report and recommendation (the "R&R) on September 16, 2019, recommending that the Court deny Bills' motion.

(*See* R&R, ECF No. 85.) Bills thereafter filed objections to the R&R. (*See* Objections, ECF No. 87.) For the reasons that follow, Bills' objections are **OVERRULED**.

I

Bills is a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). In this prisoner civil-rights action, Bills brings claims arising out of his incarceration at the Adrian Correctional Facility (the "ARF") and the Macomb Correctional Facility (the "MCF"). Bills claims that the Defendants – all of whom work at either the ARF or the MCF – (1) interfered with his right to access the courts, (2) denied him procedural due process under the MDOC's grievance procedures, and (3) retaliated against him for filing lawsuits. (*See* Sec. Am. Compl., ECF No. 67.)

On August 22, 2019, Bills filed a motion for an injunction and a temporary restraining order in this case. (*See* Mot., ECF No. 82.) In the motion, Bills seeks to enjoin employees of a third MDOC facility, the LCF, from transferring him to a different MDOC facility in northern Michigan. (*See id.*) Bills says that such a transfer would adversely affect his heart condition. (*See id.*) None of the individuals referenced in Bills' motion are parties to this action, and none of the alleged actions that any of those individuals took has any connection to the dispute at issue in this case.

# II

On September 16, 2019, the assigned Magistrate Judge issued the R&R in which the recommended that the Court deny Bills' motion. (*See* R&R, ECF No. 85.) The Magistrate applied the appropriate factors governing requests for temporary restraining orders and injunctions and concluded that Bills was not entitled to relief.

The Magistrate Judge first determined that Bills had "not shown a reasonable likelihood of success on the merits of his underlying request." (*Id.*, PageID.847.) The Magistrate pointed out that "none of the individuals Bills seeks to enjoin are parties to the instant lawsuit." (*Id.*) The Magistrate explained that "the Court will not enjoin non-parties, and will not issue injunctive relief that is entirely unrelated to the Plaintiff's underlying claims." (*Id.*, quoting *Huber v. Nolan*, 2019 WL 2314630, at *3 (S.D. Ohio May 31, 2019).)

The Magistrate then described how Bills' allegations in his motion were inconsistent with his claim that employees of the LCF were seeking to transfer him to a different facility despite the danger to his health:

> Second, although Bills asserts that a transfer will adversely affect his heart condition, his own filings show the speculative nature of his concerns. In his motion, Bills states that LCF health services previously blocked a scheduled transfer due to his rising blood pressure, stating that they found it was "too dangerous" to allow him to travel with his blood pressure being as high as it was at the time. (Doc. #82). In other words, Bills admits that those charged with his care at LCF monitored his medical

3

condition and appropriately took it into account in terms of his placement.

(*Id.*, PageID.847-48.) The Magistrate also found that Bills' "claims of an unsafe transfer [were] speculative" because Bills indicated that he had been subject to other recent transfers between MDOC facilities, but Bills did not "allege that [those] transfers have or will cause him to suffer any specific irreparable harm." (*Id.*, PageID.848.)

Finally, the Magistrate Judge concluded that none of the other relevant factors weighed in favor of granting Bills relief:

> The remaining factors also weigh in favor of denying Bills's request for injunctive relief. Issuing a preliminary injunction or temporary restraining order prohibiting Bills's transfer to a different prison would result in harm to both the MDOC and the public, because providing appropriate supervision of Michigan's large inmate population necessarily requires the ability to transfer prisoners between facilities when the need arises, as determined by appropriate MDOC personnel. As the Sixth Circuit has recognized, "problems of prison administration are peculiarly for resolution by prison authorities and their resolution should be accorded deference by the courts." *Bazzetta v. McGinnis*, 124 F.3d 774, 779 (6th Cir. 1997). Moreover, "[w]hen an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are 'especially critical' since such an order would necessarily intrude 'significantly into the prerogatives of state correctional officials.'" *See Huber v. Nolan*, No. 1:19-CV-224, 2019 WL 2314630, at *3 (citing *Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988); *Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. 1984)). Here, Bills has failed to provide the Court with

4

> sufficient evidence from which it could find that the requested injunction is warranted, and that request, by its very nature, intrudes on the MDOC's ability to make decisions regarding the care and custody of its prisoners. Such an order would affect not only Bills's safety, but the safety of MDOC staff and other prisoners.

(*Id.*, PageID.848-849.)

## III

Bills filed objections to the R&R on October 15, 2019. (*See* Objections, ECF No. 87.) The objections are difficult to follow and appear to simultaneously include (1) objections to the R&R and (2) a new Complaint Bills apparently seeks to file against employees of the LCF that arises out of Bills' treatment at that facility. (*See id.*) In the objections, Bills raises issues with his medical treatment at the LCF and other MDOC facilities. He further claims that prior to the entry of the R&R, the MDOC did in fact transfer him to a facility in northern Michigan despite the existence of his pending motion to stop that transfer. (*See id.*) Finally, Bills claims that individuals at the LCF transferred him to other MDOC facilities in retaliation for Bills filing lawsuits against MDOC employees. (*See id.*)

## IV

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all

5

the objections a party might have to a report and recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

V

The Court has carefully reviewed Bills' objections and **OVERRULES** them for several reasons.

First, it appears that the relief Bills seeks in his motion is moot. In the motion, Bills seeks an "order to stop any transfer" by officials at the LCF to a facility "up north" that is "750 [miles] away." (Mot., ECF No. 82, PageID.816, 818.) But since the filing of Bills' motion, it appears that he has been transferred to the MCF, where he is currently incarcerated. (*See* ECF No. 86, PageID.924, in which Bills indicates in a proof of service that he is incarcerated at the MCF as of October 22, 2019.) Thus, Bills cannot show that he currently is in any danger from a transfer from the LCF to a prison "up north." The claim Bills seeks relief for in his motion is therefore moot.

Second, as the Magistrate Judge aptly pointed out, Bills' underlying claims in this case do not relate in any way to his incarceration at the LCF or the actions of any employees of the LCF. Nor are any employees at the LCF to whom Bills directs his current motion Defendants in this action. Under these circumstances, a temporary restraining order and/or preliminary injunction against individuals who are not a party to the case would be inappropriate. *See*, *e.g.*, *Huber*, 2019 WL 2314630, at *3 ("The Court will not enjoin non-parties, and will not issue injunctive relief that is entirely unrelated to the Plaintiff's underlying claims"). If Bills seeks to hold officials of the LCF liable for alleged misconduct while he was incarcerated at that facility, he must file a new and separate action against those employees.

Third, for all of the reasons explained in the R&R, Bills has failed to persuade the Court that any of the preliminary and/or injunctive relief factors favor such relief here. Simply put, "Bills has failed to provide the Court with sufficient evidence from which it could find that the requested injunction is warranted." (R&R, ECF No. 85, PageID.849.)

For all of these reasons, the Court **OVERRULES** Bills' objections to the R&R.

# VI

For all of the reasons stated above, **IT IS HEREBY ORDERED** that:

- Bills' objections to the R&R (ECF No. 87) are **OVERRULED**;

- The recommended disposition of the R&R (ECF No. 85) is **ADOPTED**; and

- Bills' motion for a temporary restraining order and preliminary injunction (ECF No. 82) is **DENIED**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: February 12, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 12, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9764
