UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY BILLS,

    Plaintiff,

v.

PAUL KLEE, *et al.*,

    Defendants.

Case No. 15-cv-11414
Hon. Matthew F. Leitman

_____/

**<u>ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 88)
TO REPORT AND RECOMMENDATION (ECF No. 79),
(2) ADOPTING RECOMMENDED DISPOSITION OF REPORT
AND RECOMMENDATION, AND (3) GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT (ECF No. 75)</u>**

Plaintiff Rickey Bills is a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). In this prisoner civil-rights action, Bills alleges that the Defendants (1) interfered with his right to access the courts, (2) denied him procedural due process under the MDOC's grievance procedures, and (3) retaliated against him for filing lawsuits. (*See* Sec. Am. Compl., ECF No. 67.) On October 5, 2018, Defendants moved to dismiss Bills' claims. (*See* Mot., ECF No. 75.) Defendants titled their motion as one for "summary judgment," but they do not seek summary judgment under Federal Rule of Civil Procedure 56. Instead they

1

seek dismissal under Federal Rule of Civil Procedure 12(b)(6) due to Bills' "fail[ure] to state a claim on which relief can be granted." (*Id.*, PageID.626-628.)

On July 7, 2019, the assigned Magistrate Judge issued a report and recommendation (the "R&R") in which he recommended that the Court grant Defendants' motion in part and deny the motion in part. (*See* R&R, ECF No. 79.) Bills filed objections to the R&R on October 30, 2019. (*See* Objections, ECF No. 88.) Defendants did not file any objections. For the reasons that follow, Bills' objections are **OVERRULED**, and the recommended disposition of the R&R is **ADOPTED**.

I

In the R&R, the Magistrate Judge thoroughly explained the allegations and procedural history of this action, and the Court will not repeat those matters in detail here. (*See* R&R, ECF No. 79, PageID.788-793.) In summary, Bills' claims stem from an order that the Ingram County Circuit Court entered on October 7, 2008, in a lawsuit that Bills had filed in that court (the "2008 State Court Order"). In the 2008 State Court Order, the Ingham County Circuit Court directed the MDOC to "retain 50% of all future deposits of [Bills] until the sum of $138.75 is accrued to satisfy" an outstanding filing-fee debt that Bills owed in that case. (ECF No. 1, PageID.13.) Bills alleges several of the Defendants refused to comply with the 2008 State Court Order, did not retain any funds deposited with the MDOC on his behalf,

2

and never attempted to send those funds to the Ingram County Circuit Court to extinguish his debt. Bills says that as a result of these failures, he was barred from filing new actions or appeals in the state courts. *See* Mich. Comp. Laws § 600.2963(8) ("A prisoner who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid"). Bills further claims that prison grievances he filed related to this misconduct were wrongly denied. Finally, Bills says that Defendants retaliated against him due to his history of filing lawsuits.

While Bills' Second Amended Complaint is not entirely clear, he appears to be bringing the following claims against the following Defendants:

- Bills claims that Defendants James Eaton, the grievance coordinator at the Adrian Correctional Facility (the "ARF"), and Renee Diver, the business office manager at the ARF, violated his right to due process when they violated the MDOC's grievance procedures;

- Bills claims that Defendants Eaton, Paul Klee, the warden of the ARF, Sherman Campbell, a deputy warden of the ARF, Lee McRoberts, a deputy warden of the ARF, and Vaughn Stewart, an employee in the accounting office at the ARF, interfered with his access to the courts by mishandling money in his prison account and refusing to comply with the directive in the

3

- 2008 State Court Order that funds from his prison account be sent to the state court to satisfy his outstanding debt; and

- Bills claims that Defendant Kristopher Steece, deputy warden of the Macomb County Correctional Facility, unlawfully retaliated against him for exercising his constitutional right to file lawsuits against prison officials by transferring Bills from the Macomb County Correctional Facility to the Kinross Correctional Facility.

Defendants deny that Bills is entitled to relief. They moved to dismiss all of his claims on October 5, 2018. (*See* Mot., ECF No. 75.)

## II

The Magistrate Judge issued the R&R on July 8, 2019. (*See* R&R, ECF No. 19.) In the R&R, the Magistrate Judge recommended that the Court grant in part and deny in part Defendants' motion.

First, the Magistrate Judge recommended that the Court dismiss Bills' due process claim against Defendants Eaton and Diver that arose out of the handling of Bills' grievances. The Magistrate Judge explained that "[t]he Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure." (*Id.* quoting *Smith v. Lincoln*, 2011 WL 529833, at *2 (W.D. Mich. Feb. 8, 2011).) *See also McGee v. Grant*, 863 F.2d 883, 1998 WL 131414, at *1 (6th Cir. 1998) ("[I]nmate grievance procedures are not

constitutionally required in state prison systems, therefore, any failure on the part of defendants to follow grievance procedures does not give rise to a § 1983 claim"). He therefore concluded that Bills had "failed to state a due process claim against Defendants Eaton and Diver based on a violation of the MDOC's grievance procedure." (R&R, ECF No. 79, PageID.795.)

Next, the Magistrate Judge recommended that the Court allow Bills to proceed with his access-to-the-courts claim against Defendants Diver and Stewart in their individual (but not official) capacities. (*See id.*, PageID.797-807.) The Magistrate first explained that "Bills' allegations make clear that the only defendants who are even potentially liable …. for the failure to collect and apply his funds pursuant to the [2008 State Court Order] are defendants Diver and Stewart." (*Id.*, PageID.801.) And the Magistrate Judge concluded that "Bills should at least be entitled to take discovery into the role these two defendants played, if any, regarding the handling of Bills' funds." (*Id.*, PageID.802.) The Magistrate then determined that Diver and Stewart were not entitled to qualified immunity because "there is at least a factual question as to whether defendants Diver and Stewart failed to comply with the 2008 state court Order knowing it would result in denying Bills access to the courts." (*Id.*, PageID.807.)

With respect to Bills' access-to-the-courts claim against Defendants Webb, Klee, Campbell, and McRoberts, the Magistrate Judge recommended that the Court

5

dismiss the claim against those Defendants. The Magistrate concluded that Bills had alleged only "that he had complained to these defendants about the failure of other prison officials to properly collect and apply his funds, and that he felt their responses were inadequate and did not help to resolve the problem." (*Id.*, PageID.802.) The Magistrate determined that "such allegations are insufficient to trigger Section 1983 liability." (*Id.*)

Finally, the Magistrate Judge recommended that the Court allow Bills to proceed with his retaliation claim against Defendant Steece. (*See id.*, PageID.805-807.) The Magistrate Judge explained his reasoning as follows:

> In his operative complaint, Bills claims that he was transferred between prisons on March 23, 2017, because of his alleged propensity to file litigation. Specifically, Bills claims that Defendant Steece, Deputy Warden at Macomb Correctional Facility, transferred him to the Kinross Correctional Facility "because Defendant Campbell and Defendant Webb informed Steece [] [that] Plaintiff likes to file lawsuits. Steece directed officials at Kinross to isolate Plaintiff." (Doc. #67 at 8). In his summary judgment motion, Steece's only specific argument as to this claim is that Bills failed to exhaust it through the MDOC grievance procedures. However, the evidence provided by Steece simply does not permit the Court to make this determination.
>
> [….]
>
> Regardless of Bills' assertions, Steece had the burden of showing, through the submission of competent evidence, the absence of a material question of fact on the issue of exhaustion. Because he failed to do so, his motion for

6

> summary judgment based on Bills' alleged failure to
> exhaust should be denied.

(*Id.*, PageID.805-807; internal footnote omitted).

## III

The Court twice extended the time for Bills to file objections to the R&R. (*See* Orders, ECF Nos. 81, 86.) Bills timely filed his objections on October 30, 2019. (*See* Objections, ECF No. 88.) Defendants did not file any objections to the R&R.

## IV

When a party objects to a portion of a Magistrate Judge's R&R, the Court reviews that portion *de novo*. *See* Fed. R. Civ. P. 72(b)(3); *see also Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to a report and recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

The Court has no duty to conduct an independent review of the portions of the R&R to which a party has not objected. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). In addition, the failure to file objections to an R&R waives any further right to appeal. *See Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

**V**

The Court first turns to Bills' objections to the R&R. The Court has carefully considered his objections and overrules them.

**A**

Bills' primary objection is that, contrary to the Magistrate Judge's conclusion in the R&R, Defendants Webb, Campbell, Klee, and McRoberts did far more than just offer "inadequate responses" to his complaints about the misapplication of his funds. (R&R, ECF No. 79, PageID.802.) Bills insists that each of these Defendants personally "played a major part" in failing to comply with the 2008 State Court Order that blocked his access to the state courts. (Objections, ECF No. 88, PageID. 928-933.) Bills therefore asserts that the Magistrate Judge erred when he recommended dismissing Bills' claims against these Defendants. The Court disagrees.

Simply put, Bills has not sufficiently alleged that Defendants Webb, Campbell, Klee, and McRoberts "played a major part" in preventing him from accessing the state courts. In Bills' Second Amended Complaint, he acknowledges that it was the responsibility of the ARF "business office" to "follow[] court orders" like the 2008 State Court Order. (Sec. Am. Compl. at ¶32, ECF No. 67, PageID.601.) And Bills does not allege any facts in the Second Amended Complaint that could tend to establish that Defendants Webb, Campbell, Klee, and McRoberts played any

8

role in the failure of the ARF's business office to comply with the 2008 State Court Order or the failure of that office to properly manage his funds. Bills has therefore failed to plausibly link the conduct of Defendants Webb, Campbell, Klee, and McRoberts to his lack of access to the state courts.

Bills counters that Defendants Webb, Campbell, Klee, and McRoberts were personally involved in blocking his access to the state courts. In the objections, for example, he asserts that Defendant Webb "ha[d] the authority" to "solve any and all issues" related to Bills' funds but that Webb refused to do so. (Objections, ECF No. 88, PageID.928.) Bills says instead that Webb "told" him "that any money that [] Bills receive[d] in[] his prison account [would] not go[] toward any court[] orders nor court[] filing fees." (*Id.*) Bills further maintains that Defendant Webb "made it clear to me that I would not be filing any more 'lawsuit[s]' anytime soon." (*Id.*) Likewise, Bills says that Defendant Campbell "personally participated with the other[s] to keep [Bills] from paying the 'court.'" (*Id.*, PageID.929.) According to Bills, Defendant Campbell told him that "they … will not pay anything to the court." (*Id.*) And Bills insists that Defendant Klee "could [] very well [have] end[ed] the misconduct [] but he wanted to interfere and cause obstruction." (*Id.*, PageID.931.) These contentions presented in Bills' objections do not save Bills' claims for two reasons.

9

First, Bills may not establish the personal involvement of Defendants Webb, Campbell, Klee, and McRoberts through new allegations raised for the first time in his objections. As explained above, in Bills' Second Amended Complaint, he does not plead any facts that could plausibly establish that these Defendants were personally involved in alleged refusal of the ARF business office to comply with the 2008 State Court Order. And Bills "cannot amend his complaint, which is the operative pleading in this matter, by simply including new factual allegations in his briefing in opposition to the motions for summary judgment." *Hubbard v. Select Portfolio Servicing, Inc.*, 2017 WL 3725475, at *3 (E.D. Mich. Aug. 30, 2017) (overruling objection to report and recommendation where objection "constitute[d] [] attempt to supplement the factual allegations in [the plaintiff's] complaint"). *See also Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) ("[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived"). Thus, Bills' new allegations cannot form a basis for disturbing the recommended disposition of the R&R.[1]

---

[1] Ordinarily, at this point, the Court would allow a *pro se* litigant the opportunity to file an amended complaint. But Bills has already received such an opportunity – twice. Bills first filed this action in 2015. (*See* Compl., ECF No. 1.) Since that time, the Court has twice granted motions filed by Bills requesting leave to amend. (*See* Orders, ECF Nos. 12, 66.) In addition, the Court appointed distinguished *pro bono* counsel for Bills in 2017 (*see* Order, ECF No. 58), but Bills could not get along with that counsel, and counsel subsequently withdrew. Under these circumstances, the Court is not willing to allow Bills to file yet another amended pleading at this time.

Second, even if the Court were to consider Bills' new allegations, they are not sufficiently specific. The new allegations appear to relate primarily to the unwillingness of Defendants Webb, Campbell, Klee, and McRoberts to take affirmative action to remedy Bills' problem accessing the state courts. But the allegations do not adequately explain how each of these Defendants individually played a role in the actions of the ARF business office, the entity that Bills acknowledges is responsible for complying with the 2008 State Court Order. The Court will allow Bills to take discovery into the circumstances surrounding the ARF business office's alleged failure to pay his outstanding fees. And if through that discovery, Bills uncovers evidence that Defendants Webb, Campbell, Klee, and/or McRoberts were directly and personally involved in preventing him from accessing the state courts, the Court may allow him to amend his Second Amended Complaint at that time.

For all of these reasons, Bills' objections to the Magistrate Judge's recommendation that the Court dismiss his claims brought against Defendants Webb, Campbell, Klee, and McRoberts are **OVERRULED**.

**B**

In Bills' next objection, he asserts that he has stated viable constitutional claims against Defendants Eaton and Diver arising out of their denial of his prison grievances. (*See* Objections, ECF No. 933-935.) Bills insists that the Magistrate

Judge failed to recognize that Defendants Eaton and Diver denied those grievances in retaliation for his exercise of his First Amendment Rights. (*See id.*) But Bills has not pleaded a retaliation theory related to the denial of his grievances in the Second Amended Complaint. Instead, Bills pleads only that Defendants Eaton and Diver "refused to process" his grievances and "violated [Bills'] due process rights under the grievance policy." (Sec. Am. Compl. at ¶¶ 39-42, ECF No. 67, PageID.603.) He does not allege that they refused to process his grievances in retaliation for any protected conduct that he may have engaged in. Simply put, Bills pleads no facts in his Second Amended Complaint that could support such a retaliation claim. And as explained above, Bills may not include new allegations and theories in his objections against the Defendants that are not pleaded in his Second Amended Complaint. This objection is therefore **OVERRULED**.

## C

Finally, Bills objects to the Magistrate Judge's conclusion that Bills failed to state a cognizable claim against Defendants Diver and Stewart related to the alleged theft of $20.00 belonging to his aunt. (*See* Objections, ECF No. 88, PageID.936-937.) In the Second Amended Complaint, Bills alleged that he had agreed to have the money returned to his aunt. (*See* Sec. Am. Compl. at ¶25, ECF No. 67, PageID.600.) Thus, as the Magistrate Judge concluded, because Bills had agreed that the money would be returned to his aunt, even if the money was never returned,

"the handling of the money order did not impact Bills' ability to pursue his state court action." (R&R, ECF No. 79, PageID.791.) Bills has not sufficiently explained in the objections how the Defendants' retention of his aunt's $20.00 (or any portion thereof), even if wrongful, either violated *his* rights or prevented him from accessing the courts. This objection is therefore **OVERRULED**.

## VI

As noted above, Defendants have not filed any objections to the R&R. The Court therefore need not review any portions of the R&R unfavorable to the Defendants. Thus, the Court will **ADOPT** the recommended disposition of the R&R to the extent that it recommends allowing Bills to proceed on his access-to-the-courts claim against Defendants Diver and Stewart in their individual capacities and his retaliation claim against Defendant Steece in his individual capacity.

## VII

For all of the reasons stated above, **IT IS HEREBY ORDERED** as follows:

- Bills' objections to the R&R (ECF No. 88) are **OVERRULED**;
- The recommended disposition of the R&R (ECF No. 79) is **ADOPTED**;
- Defendants' motion (ECF No. 75) is **GRANTED IN PART AND DENIED IN PART** as set forth above. The motion is **DENIED** with respect to Bills' access-to-the-courts claim against Defendants

Diver and Stewart in their individual capacities only. The motion is also **DENIED** with respect to Bills' retaliation claim against Defendant Steece. The motion is **GRANTED** in all other respects.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 18, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 18, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764