UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY BILLS,

                 Plaintiff,

v.

PAUL KLEE, *et al.*,

                 Defendants.
_____/

Civil Action No. 15-11414

Matthew F. Leitman
United States District Judge

David R. Grand
United States Magistrate Judge

## ORDER STRIKING PLAINTIFF'S "REQUEST FOR DEFENDANTS TO CORRECT FALSE/PERJURED STATEMENT/CLAIM" (ECF No. 106)

*Pro se* Plaintiff Rickey Bills commenced this civil rights action on April 20, 2015, pursuant to 42 U.S.C. § 1983, alleging that various Michigan Department of Corrections officials interfered with his right of access to the courts by failing to ensure timely compliance with a state-court restitution order.[1]

This case has a lengthy history; discovery is now closed, and the Defendants have filed (on June 18, 2021) a motion for summary judgment, which remains pending. (ECF No. 100.) One of the arguments contained in Defendants' motion is that Defendant Kristopher Steece is entitled to summary judgment on Bills' retaliatory transfer claim because he "did not order Bills' transfer from Macomb Correctional Facility." (ECF No. 100, PageID.1035.) Instead, citing to prison records, Defendants assert, "Bills' transfer order was approved by the MRF inspector, not by Steece." (*Id.*; ECF No. 100-5.)

---

[1] All pretrial matters have been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 72.)

The Court has not yet received a response from Bills to Defendants' summary judgment motion. However, on July 1, 2021, Bills filed a document entitled, "Request for Defendants to Correct False/Perjured Statement Claim." (ECF No. 106.) That document appears to address Defendants' assertion about Steece. Specifically, Bills asserts that he is "requesting that defendants [] make the corrections to the false/perjured claim that Defendant Steece had nothing to do with the retaliatory transfer of [Bills] on March 20th 2017." (*Id.*) Bills seems to intend this document to satisfy the "Safe Harbor" provisions contained in Federal Rule of Civil Procedure 11. (*Id.*)

The Court will strike Bills' filing. Rule 11 provides that before a sanctions motion can be filed, the moving party's motion for sanctions "must be ***served*** under Rule 5, but it ***must not be filed or be presented to the court*** if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2) (emphasis added). Thus, by filing his instant "Request" with the Court, Bills violated Rule 11(c)(2)'s prohibition on filing "Safe Harbor" materials. For this reason, it is appropriate to strike Bills' instant "Request."

Moreover, the Court notes that Bills offers no information as to *why* he believes the contention in Defendants' summary judgment motion about Steece's involvement in his transfer is inaccurate. While the Court is still awaiting Bills' summary judgment motion, it reminds him of the standards applicable to such motions. The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine

2

dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id*. at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

For the foregoing reasons, **IT IS ORDERED** that Bills' "Request for Defendants to Correct False/Perjured Statement Claim" **(ECF No. 106)** is hereby **STRICKEN**.

Dated: July 12, 2021  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

3

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of

fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 12, 2021.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager